IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Denise Robinson and David Stigall, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 20 CV 50288 |
| v. | ) ) | Magistrate Judge Lisa A. Jensen |
| Walgreen Co., | ) ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Walgreen Co. has moved to stay discovery pursuant to Federal Rule of Civil Procedure 26(c)(1) pending a ruling on their motion to dismiss. Dkt. 54. For the following reasons, Defendant's motion to stay discovery is granted in part and denied in part.

## I. BACKGROUND

Plaintiffs filed a class action complaint on August 4, 2020 alleging that the labeling and marketing of Defendant's over-the-counter pain reliver acetaminophen product is deceptive and violates the consumer protection statutes of Illinois and Texas and unjustly enriched Defendant. In October 2020, Defendant moved for a temporary stay of proceedings pending an identical class action filed in the Northern District of California, *Eidmann v. Walgreen Co.,* Case No. 5:20-cv-04805. Dkt. 32. The Court granted the unopposed motion in November 2020. Dkt. 38. In March 2021, the parties filed a status report informing the Court that *Eidmann* had been dismissed in its entirety with prejudice[1] and that Defendant intended to file a motion to dismiss in the instant action. Dkt. 40.

On April 12, 2021, Defendant filed a motion to dismiss the complaint. Dkts. 44, 45. On April 27, 2021, the parties filed a joint status report. Dkt. 48. In the status report, Plaintiffs indicated that they intended to file an amended complaint and sought to proceed with discovery. Defendant stated that they would file another motion to dismiss the amended complaint and that discovery should be stayed pending a ruling on that motion.

Plaintiffs filed the amended complaint on May 3, 2021. Dkt. 50. The Court held a telephonic status hearing on May 6, 2021 and set briefing schedules for Defendant's motion to dismiss the amended complaint and Defendant's motion to stay discovery. Dkt. 51. Defendant filed the motion to dismiss in accordance with the Court's briefing schedule on May 17, 2021.

---

[1] *See Eidmann v. Walgreen Co.,* No. 20-cv-04805-EJD, 2021 WL 764121 (N.D. Cal. Feb. 26, 2021).

Dkts. 52, 53. Defendant now moves to stay discovery pending ruling on its motion to dismiss. Plaintiffs object to the stay. No discovery has occurred to date.

## II. DISCUSSION

District courts have broad discretion in managing discovery. *Crawford–El v. Britton,* 523 U.S. 574, 598-99 (1998); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). In accordance with Federal Rule of Civil Procedure 26(c), a court may, for good cause, limit the scope of discovery or control its sequence to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see Crawford– El,* 523 U.S. at 599; *Tamburo v. Dworkin,* No. 04 C 3317, 2010 WL 4867346, at *1 (N.D. Ill. Nov. 17, 2010).

There is no requirement that discovery cease during the pendency of a motion to dismiss. *See SK Hand Tool Corp. v. Dresser Industries, Inc.*, 852 F.2d 936, 945 (7th Cir. 1988); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336 (N.D. Ill. 2005). In determining whether to grant a stay, a court may consider the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *Sadler as Tr. of Larry R. Sadler Irrevocable Tr. v. Retail Properties of Am., Inc.*, No. 12 C 5882, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013). The party seeking a stay bears the burden of proving that the court should exercise its discretion in staying the case. *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009).

### A. Prejudice to Plaintiffs

Defendant argues that a stay would not prejudice or tactically disadvantage Plaintiffs for three reasons. First, Defendant argues the case is still in its early stages and the first amended complaint has only just been filed. Def.'s Mot. at 7, Dkt. 54. Second, Defendant asserts that there is no risk that any information will be lost during the length of the stay. *Id*. at 8. Third, Defendant contends Plaintiffs would suffer no prejudice because they do not purport to need discovery to respond to the motion to dismiss. *Id*.

Plaintiffs argue in response that, if the motion to stay is granted, they will not be able to obtain even preliminary written discovery responses until the lawsuit is over one year old and, consequently, could not "advance the lawsuit in any meaningful way." Pl.s' Resp. at 4, Dkt. 55. Plaintiffs contend that they will suffer a tactical disadvantage as a result. *Id*. at 5.

While a simple delay alone would not necessarily cause undue prejudice or be tactically disadvantageous,[2] there is evidence that a second stay in this case would be prejudicial. Defendant filed the first motion to stay just two months into the case and Plaintiffs agreed to the stay "for the sake of convenience" despite disagreeing with the merits of Defendant's request. *See* Dkt. 35. Now, the case has been pending without any progress for nearly a year, so the Court disagrees with Defendant's assertion that the case is still in its "early stages." Given that Defendant has already

---

[2] *See Medline Indus., Inc. v. C.R. Bard, Inc.*, No. 17 C 7216, 2019 WL 10948865, at *2 (N.D. Ill. Sept. 10, 2019).

benefitted from a stay, the Court acknowledges that another stay extending the case even further would be prejudicial to Plaintiffs' ability to develop its case. *See CMG Worldwide Inc. v. Adidas Am., Inc.*, No. 1:17-CV-2356-RLM-DML, 2018 WL 7140117, at *3 (S.D. Ind. Sept. 26, 2018) ("First, the court considers the fact that, in effect, [the defendant] has already had the benefit of a lengthy stay, because this case was filed well over a year ago. Second, a stay that extends even further could prejudice the plaintiff's ability to develop its case, because the passage of time tends to erode proof of claims and damages."). Defendant has failed to show that a second stay would not prejudice or tactically disadvantage Plaintiffs, so this factor weighs in favor of a stay of discovery.

The U.S. Supreme Court has stated that, "if there is even a fair possibility that the stay ... will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). As demonstrated in more detail below, Defendant has not made a clear case of hardship or inequity in being required to move forward with discovery.

## B. Simplifying the issues

Defendant also argues that the Court should stay discovery because the motion to dismiss is potentially dispositive of the entire case. Def.'s Mot. at 5, Dkt. 54. In support of this argument, Defendant points to the *Eidmann* case where, as noted above, another federal court dismissed the case in its entirety. Defendant asserts that *Eidmann* presented facts and issues identical to those of the instant case and that the motion to dismiss in *Eidmann* raised the same arguments presented in the motion to dismiss filed in this action. Given the identical issues and allegations, Defendant contends that this action has the potential to similarly dispose of the entire litigation.[3] *Id*.

Plaintiffs respond that Defendant's misplaced assumption that the pending motion to dismiss will resolve the case in its entirety ignores four recent court decisions finding that similar claims were sufficient to survive a motion to dismiss. Pl.s' Resp. at 6-7, Dkt. 55. Plaintiffs also argue that, even if the motion to dismiss is successful, dismissing the case without an opportunity to file an amended complaint is rare and, through discovery, Plaintiffs could incorporate new facts into a future amended complaint. *Id*. at 7.

The Court finds that a discussion of the merits of the pending motion to dismiss to evaluate whether the stay should be granted would be inappropriate. Allowing a stay of discovery where a party asserts that dismissal is likely would require the Court to make a preliminary finding of the likelihood of success on the motion to dismiss, effectively circumventing the procedures for the resolution of such a motion. *Witz v. Great Lakes Educ. Loan Servs.*, *Inc.*, No. 19-CV-06715, 2020 WL 8254382, at *1 (N.D. Ill. July 30, 2020). Courts frequently decline to engage in this sort of analysis when deciding a motion to stay discovery. *See New England Carpenters Health & Welfare Fund v. Abbott Lab'ys*, No. 12 C 1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013); *Tamburo*,

---

[3] Defendant also points to a "near-identical class action," *Harris v. Topco Assocs., LLC*, Case No. 20-cv-04355, (N.D. Ill.), where the court decided to grant a motion to stay discovery pending ruling on the motion to dismiss and, subsequently, granted the motion to dismiss. However, in taking a closer look at that case, Defendant omits a critical piece of information: the motion to stay in that case was agreed. This is an important distinguishing fact from this case, where the motion to stay is contested.

2010 WL 4867346, at \*2; *Niederhoffer Intermarket Fund, L.P. v. Chicago Mercantile Exch.*, No. 99 C 3223, 1999 WL 731773, at \*1 (N.D. Ill. Aug. 31, 1999); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). Because Defendant has failed to show how a stay would simplify the issues in the case, this factor weighs against a stay of discovery.

## C. Burden of discovery

Defendant argues that a stay would reduce the burden of litigation on the parties and the Court. Def.'s Mot. at 6, Dkt. 54. Defendant contends that this case is similar to *Coss v. Playtex Prod., LLC*, No. 08 C 50222, 2009 WL 1455358 (N.D. Ill. May 21, 2009), where the court found that the case was complex and would entail burdensome and costly discovery and, therefore, a stay of discovery was warranted. *Id.* Defendant also vaguely asserts that the claims against it are broad and include claims on behalf of a nationwide class, which necessarily involves a broad scope of discovery. *Id.* at 7.

Plaintiffs respond that Defendant's vague claims that it will be burdened by discovery are unsupported by any evidence or supporting declaration. Pl.s' Resp. at 6-7, Dkt. 55. Plaintiffs also point out: "Defendant admits that, due to its involvement in similar cases, it is aware of the discovery issues involved in this case, and indeed has already begun retaining pertinent documents." *Id.*

The Court recognizes that class actions have the potential to entail burdensome discovery. *See Coss, LLC*, 2009 WL 1455358, at \*4; *Ashley W. v. Holcomb*, No. 319CV00129RLYMPB, 2019 WL 9673894, at \*2 (S.D. Ind. Oct. 31, 2019); *Bodnar v. John Hancock Funds, Inc.*, No. 2:06 cv 87, 2007 WL 1577914, at \*3 (N.D. Ind. May 30, 2007); *Sprague v. Brook*, 149 F.R.D. 575, 578 (N.D. Ill. 1993). However, Defendant has not provided any estimate of the cost associated with responding to the discovery, nor do they provide an affidavit or other support for their allegation of undue burden. Courts in this circuit find that broadly decrying the time and expense that is expected to be associated with responding to discovery, without any substantiation, does not establish good cause for staying discovery. *See Harper v. Cent. Wire, Inc.*, No. 19 CV 50287, 2020 WL 5230746, at \*4 (N.D. Ill. Sept. 2, 2020); *U.S. ex rel. Robinson v. Indiana Univ. Health Inc.*, No. 1:13-CV-02009-TWP, 2015 WL 3961221, at \*5 (S.D. Ind. June 30, 2015); *Castrillon v. St. Vincent Hosp. & Health Care Ctr., Inc.*, No. 1:11-CV-00430-WTL, 2011 WL 4538089, at \*2 (S.D. Ind. Sept. 29, 2011).

Given this tension, the Court is inclined to order focused discovery in this case pending a ruling on the motion to dismiss. *See Coss*, 2009 WL 1455358, at \*4-5 (granting a general stay but ordering very focused discovery that the defendant agreed would not be burdensome). Accordingly, the motion to stay discovery is granted in part and denied in part.

In Plaintiffs' response brief, they not only request that the Court enter an order denying the motion to stay, but also requiring Defendant to respond to Plaintiffs' discovery requests. The Court declines to order Defendant to respond to Plaintiffs' discovery requests because, contrary to Plaintiffs' assertion, there is no evidence that the parties have met and conferred in accordance with Federal Rule of Civil Procedure 26(f)(2) and no case management order has been entered by this Court. By June 30, 2021, the parties shall meet and confer regarding a proposed joint case

management order. The parties shall consider the phased approach proposed in Plaintiffs' motion as well as other proposals for phased or limited discovery that can proceed during the pendency of the motion to dismiss and be prepared to discuss such proposals with the Court at a status hearing on July 1, 2021 at 9:00 AM.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to stay discovery is granted in part and denied in part.


Date: June 16, 2021                    By:   Lisa A. Jensen
                                             United States Magistrate Judge